## ABEL T. ARUNDALE

v.

## TOWNSEND FOREMAN.

INSTRUCTION—ASSUMING FACTS.—It is error for the court to give an instruction which assumes as proved, one of the disputed facts in the case. In a case where there is a conflict in the evidence, it is of the utmost importance that no fact should be assumed as proven, which is controverted.

APPEAL from the Circuit Court of Fulton county; the Hon. S. P. CUMMINGS, Judge, presiding.

Mr. JOHN A. GRAY, for appellant; that the matters of the firm remained unsettled, and if one partner was to pay the debts and collect the accounts of the firm, a further accounting must be had; cited Davenport v. Gear, 2 Scam. 495; Frink v. Ryan, 3 Scam. 322; Chadsey v. Harrison, 11 Ill. 151; Hanks v. Barber, 53 Ill. 292; Burns v. Nottingham, 60 Ill. 531; Wells v. Carpenter, 65 Ill. 447; Purvines v. Champion, 67 Ill. 459.

Mr. C. G. WHITNEY and J. W. BANTZ, for appellee; that suit by one partner cannot be maintained on partnership account until the partnership concerns are adjusted; cited Story on Partnership, 364.

Arundale v. Foreman.

That the property involved was sold to appellant by appellee, and the note in suit given therefor, and hence it became a contract distinct from the partnership; Edens v. Williams, 36 Ill. 252; Wells v. Carpenter, 65 Ill. 447; Purvines v. Champion, 67 Ill. 459; Chitty on Contracts, 236.

Per Curiam. This was a suit brought by appellee against appellant to recover a sum found to be due him on settlement of partnership accounts, and resulted in a judgment in the court below against appellant, from which he appeals to this court, and assigns for error that the court erred in giving improper instructions on behalf of appellee.

The plaintiff below testified that the parties had been partners in the livery business, and that they dissolved the partnership, divided the property and figured up their accounts, and that a balance was found in his favor, which appellant then promised to pay. Defendant testified that there was no final settlement, no balance struck, and that he did not promise to pay plaintiff any sum then found due him. Each party attempted to corroborate his evidence by other testimony.

The record presents a sharp contest and a strong conflict in the evidence as to the main facts involved.

The court, at the instance of plaintiff below, gave to the jury, among other instructions, the following:

6. "The court further instructs the jury that if they believe, from the evidence, there was a sale made by plaintiff to the defendant, that this dissolved the partnership, and he became liable on his several promises, and your verdict should be for the plaintiff."

This instruction was erroneous and should not have been given. It assumes one of the disputed and most material facts in the case; that appellee had promised to pay the balance.

It does not follow that if the partnership was dissolved, that appellee would be liable; that would depend upon the further facts (not to be assumed), but to be found by the jury, as to a settlement of their accounts and a promise to pay the balance. There are serious objections to other instructions given on behalf of appellee, but they are mostly of the same character

with this, assuming disputed facts, and we have not deemed it necessary to copy them and comment upon them separately. In a case like this, where there is a conflict of the evidence as to the main facts involved, it is of the utmost importance that no fact should be assumed as proven, which is controverted.

The judgment is reversed and the cause remanded.

Reversed and remanded.